# United States Court of Appeals
## For the Eleventh Circuit

01 FEB -7 PM 4: 34

No. 99-13960

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

District Court Docket No.
96-02342-CV-PWG-NE

Dec 12, 2000

THOMAS K. KAHN
CLERK

SHERRY THURMOND,
LEVON HALL,
RONNIE HOPPER,
DAVID ROLLINS,
LARRY THOMPSON,

        Plaintiffs-Appellees,

versus

DANIEL DELLA-CALCE, Lieutenant, Individually,
and in his official capacity as a
lieutenant with the City of Huntsville
Police Department,
TOMMY MAYO,
PAUL JONES,
MICHAEL CULBREATH, Officer,

        Defendants-Appellants.

---

Appeal from the United States District Court
for the Northern District of Alabama

---

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion, included herein by reference, is entered as the judgment of this Court.

ISSUED AS MANDATE
FEB 0 3 2001
U.S. COURT OF APPEALS
ATLANTA, GA.

Entered: December 12, 2000
For the Court: Thomas K. Kahn, Clerk
By: McCombs, Elaine

FILED

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

DEC 1 2 2000

THOMAS K. KAHN
CLERK

No. 99-13960

D. C. Docket No. 96-02342-CV-PWG-NE

SHERRY THURMOND,
LEVIN HALL, et al.,

                Plaintiffs-Appellees,

versus

DANIEL DELLA-CALCE, Lieutenant, Individually, and in his
official capacity as a lieutenant with the City of Huntsville
Police Department, TOMMY MAYO, et al.,

                Defendants-Appellants.

Appeal from the United States District Court
for the Northern District of Alabama

**(December 12, 2000)**

Before DUBINA, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

    In this interlocutory appeal, appellants, Lieutenant Daniel Della-Calce and Officers Tommy Mayo, Paul Jones and Michael Culbreath, challenge the magistrate

judge's order[1] denying qualified immunity to Lieutenant Della-Calce as to plaintiffs' § 1983 excessive force claim, and the court's order denying discretionary function immunity, as provided by § 6-5-338 of the Alabama Code, to Lieutenant Della-Calce and Officers Mayo, Jones and Culbreath as to plaintiffs' supplemental state law assault and battery claims.

The incident giving rise to the plaintiffs' civil rights suit occurred during a confrontation between members of the Mobile Field Force ("MFF") of the Huntsville Police Department and a crowd of between 800 and 1200 striking unionized rubber workers, of which the plaintiffs were members, outside the entrance of the Dunlop Tire Company plant in Huntsville, Alabama. The relevant facts are essentially undisputed. On September 6, 1994, the MFF was mobilized to the Dunlop plant in the early morning hours to monitor an ongoing union strike. After the protesters became disorderly and violent, the MFF declared the strike an unlawful assembly and broadcast a dispersal order over a bullhorn. MFF then officers began to march towards the crowd at "half-step" pace while tapping their shields with their batons to encourage the crowd to disperse. The plaintiffs emerged from the striking crowd and positioned themselves directly in front of the marching MFF officers, about twenty yards in front of the other

---

[1] This case was assigned to the magistrate judge with the consent of the parties. See 28 U.S.C. § 636(c)(1).

2

strikers. As the MFF officers got closer, Lieutenant Della-Calce, the on-site MFF commander, ordered the front line of the MFF officers, which included Officers Mayo, Jones and Culbreath, to swing their batons out in front of their shields at waist level or lower arc as an additional show of force to further encourage the crowd to leave. When the MFF officers reached the plaintiffs' position, the officers continued to swing their batons and yelled at the plaintiffs to move or they would be struck. The plaintiffs did not move, and as the front line of the MFF officers continued to march past the plaintiffs, the officers struck the plaintiffs with their batons.

Based on this incident, plaintiffs sued Lieutenant Della-Calce, pursuant to 42 U.S.C. § 1983, alleging that Lieutenant Della-Calce's order to the front-line MFF officers constituted excessive use of force.[2] The plaintiffs also sued Lieutenant Della-Calce as well as Officers Mayo, Jones and Culbreath for assault and battery under Alabama law.[3]

---

[2] We note that in their complaint, the plaintiffs alleged that Lieutenant Della-Calce ordered "the front line of the mobile field force unit to strike the plaintiffs with their batons." The trial court implicitly rejected this particular argument, instead analyzing Lieutenant Della-Calce's order to proceed in "swinging baton mode." We too are unpersuaded by plaintiff's factual assertion that Lieutenant Della-Calce actually ordered the MFF unit to strike plaintiffs. The record is devoid of any evidence to support this claim. Rather, the evidence establishes that Lieutenant Della-Calce only ordered the unit into a "swinging baton mode."

[3] Plaintiffs also sued the City of Huntsville. The trial court entered summary judgment in the City's favor and no issues directly relate to the City in this appeal.

On appeal, appellants argue that the trial court erred by concluding that Lieutenant Della-Calce was not entitled to qualified immunity as to the excessive force claim.[4] We review de novo a denial of summary judgment based on a claim of qualified immunity, construing the evidence and all reasonable inferences in the light most favorable to the plaintiff. See Crosby v. Paulk, 187 F.3d 1339, 1344 (11th Cir. 1999); Sheth v. Webster, 145 F.3d 1231, 1235-36 (11th Cir. 1998).

After a thorough review of the record and consideration of the parties' briefs, we conclude that the magistrate court erred by denying Lieutenant Della-Calce's motion for summary judgment based on qualified immunity and reverse.

Qualified immunity seeks to ensure that government officials can reasonably anticipate when their conduct may give rise to liability by creating liability only if the contours of the right violated are sufficiently clear that a reasonable official would understand that what he is doing violates that right. See United States v. Lanier, 520

---

[4] The appellants also challenge the trial court's denial of discretionary function immunity pursuant to § 6-5-338 of the Alabama Code. However, since we have reversed and remanded the order denying summary judgment to Lieutenant Della-Calce on qualified immunity grounds, the only claims that remain -- supplemental state law assault and battery claims -- deal with complex questions of discretionary function immunity in the state of Alabama. "A proper resolution of the two state law causes of action will require a careful analysis of Alabama law--something the courts of Alabama are in the best position to undertake and, for reasons of federalism, should undertake in this sensitive area." Nolin v. Isbell, 207 F.3d 1253, 1258 (11th Cir. 2000). Therefore, as in Nolin, we conclude that the magistrate judge should dismiss the state law claims so that the plaintiffs may pursue them in state court.

U.S. 259, 270 (1997). So long as a government official acts within the scope of his discretionary authority and does not violate clearly established law, the doctrine of qualified immunity protects him. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Government officials performing discretionary functions generally are immune from civil liability if their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Id.

Here, there can be little doubt that Lieutenant Della-Calce was acting within the scope of his discretionary authority at the time he ordered the front-line officers to march forward in a "swinging baton" mode. Moreover, the plaintiffs failed to prove a violation of "clearly established law." The plaintiffs' burden in this respect is heavy: for the law to be "clearly established," plaintiff must prove that case law was earlier developed "in such a concrete and factually defined context to make it obvious to all reasonable government actors, in the defendant's place, that what he is doing violates federal law." Priester v. City of Riviera Beach, 208 F.3d 919, 926 (11th Cir. 2000)(citation omitted). Indeed, as we noted in Lassiter v. Alabama A & M Univ., Bd. of Trustees, 28 F.3d 1146, 1150 (11th Cir. 1994)(en banc), "[f]or qualified immunity to be surrendered, pre-existing law must dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what defendant is doing violates federal law in the

5

circumstances." (emphasis in original). Plaintiffs did not meet this heavy threshold. The tactical decision did not violate any "clearly established" Fourth Amendment law concerning excessive force because there was no pre-existing law, arising in a factually similar context, which would have led every reasonable officer in Della-Calce's position to conclude inevitably that what he was doing violated the command of the Fourth Amendment.

Nevertheless, the plaintiffs contend that Lieutenant Della-Calce's conduct falls within a "narrow exception" to the rule requiring clearly established case law, which we first suggested in Smith v. Mattox, 127 F.3d 1416, 1419 (11th Cir. 1997). To come within this exception, plaintiffs must show that the defendant's conduct "was so far beyond the hazy border between excessive and acceptable force that [the official] had to know he was violating the Constitution even without case law on point." Id. Lieutenant Della-Calce's conduct cannot be said to be "so obviously at the very core of what the Fourth Amendment prohibits that the unlawfulness was readily apparent to [him]." Id. Simply put, the plaintiffs have not made the strong showing, required under Smith, that Lieutenant Della-Calce engaged in intentional misconduct by ordering the MFF unit to proceed at half-step and to initiate swinging baton mode. The most the plaintiffs could argue is that Della-Calce reasonably should have foreseen that the plaintiffs would not disperse in the face of the police officers' order that they move, and

6

that he also should have reasonably foreseen that the plaintiffs would be struck by MFF officers. Della-Calce's decision to issue the order did not violate clearly established Fourth Amendment law.

Construing the facts in the light most favorable to the plaintiffs, Lieutenant Della-Calce's order to the MFF officers to proceed at a "half-step" pace in "swinging baton mode," which fell within his discretionary authority as the on-site commander of the MFF unit in charge of directing the tactical operations of the unit, arguably was objectively reasonable in light of the facts and circumstances confronting him. Among other things, the evidence established that: (1) when Lieutenant Della-Calce ordered the MFF troops to move at "half-step" pace towards the strikers, the crowd had swelled to between 800 and 1200 persons and had been declared a riot situation; (2) members of the crowd had engaged in violent conduct including throwing objects at passing cars thereby causing personal injury and property destruction; (3) the striking workers refused to disperse despite numerous orders to do so from Lieutenant Della-Calce; (4) after the MFF officers marched at "half-step" pace, approached the crowd, and tapped their batons against their shields, the workers still did not disperse; (5) Lieutenant Della-Calce ordered the front line officers into "swinging baton mode," a common police tactic to encourage crowd dispersal; (6) when proceeding in "swinging baton mode," MFF officers are specifically trained to walk around or past passive resisters

7

without striking them with their batons. Indeed, Lieutenant Della-Calce's order to march in "swinging baton mode" towards the rioters did not constitute excessive force since the plaintiffs have presented no evidence that Lieutenant Della-Calce acted with an improper intent to inflict force upon the plaintiffs.

In sum, based on a thorough review of the evidence developed in the trial court, even construed in the light most favorable to the plaintiffs, we cannot conclude that Lieutenant Della-Calce's conduct was so substandard that he should be stripped of the protection of qualified immunity. See Lassiter, 28 F.3d at 1149 ("[t]hat qualified immunity protects government actors is the usual rule; only in exceptional cases will government actors have no shield against them in their individual capacities."); Santamorena v. Georgia Military College, 147 F.3d 1337, 1340 n. 6 (11th Cir. 1998)(noting that Lassiter doctrine states the "usual rule" for determining the applicability of qualified immunity, and that the "exceptional cases rarely arise.").

Accordingly, we hold that the magistrate court erred by denying Lieutenant Della-Calce's motion for summary judgment based on qualified immunity, and we reverse and remand with instructions that final summary judgment be entered in favor of Lieutenant Della-Calce as to the excessive force claim. Moreover, in light of the complicated issues of purely state law that remain, we direct the magistrate judge to

dismiss the supplemental state law claims without prejudice so that they may be pursued in state court.

**REVERSED AND REMANDED.**

# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

FILED

01 FEB -7 PM 4:24

In Replying Give Number
Of Case And Names of Parties

U.S. DISTRICT COURT
N.D. OF ALABAMA

February 06, 2001

Perry D. Mathis
Clerk, U.S. District Court
1729 Fifth Avenue North, #140
Birmingham AL 35203

RE: 99-13960-FF    Sherry Thurmond v. City of Huntsville
DC DKT NO.: 96-02342 CV-PWG-NE

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:
   Original Exhibits, consisting of: two folders.
   Original record on appeal or review, consisting of: two volume; two supplemental.

Please acknowledge receipt on the enclosed copy of this letter.

A copy of this letter and the judgment form, but not a copy of the court's opinion or Rule 36-1 decision, is also being mailed to counsel and pro se parties. A copy of the court's opinion or Rule 36-1 decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: Lisa Streeter (404) 335-6134

Encl.

MDT-1 (1-2001)