FILED

01 MAR 12 PM 3:28

U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| SHERRY THURMOND, ET AL., | ) |
| Plaintiffs, | ) |
| v. | ) CIVIL ACTION NO. 96-PWG-2342-NE |
| CITY OF HUNTSVILLE, ET AL., | ) |
| Defendants. | ) |

ENTERED
MAR 1 2 2001

O R D E R

On September 23, 1999 this court entered an Order accompanied by a Memorandum of Decision which ordered that:

(1) The claims against defendant Richard V. Ottman are DISMISSED with prejudice;

(2) The § 1983 and state law claims for failure to train are DISMISSED with prejudice;

(3) Defendants' motion for summary judgment is DENIED with respect to plaintiffs' § 1983 excessive force claim against defendant Della-Calce;

(4) Defendants' motion for summary judgment is GRANTED with respect to plaintiffs' § 1983 excessive force claim against COH (City of Huntsville); and

(5) Defendants' motion for summary judgment is DENIED with respect to plaintiffs' assault and battery claims against the individual defendants and COH.

(See document #100 and #101).

126

Defendants filed a Motion to Alter or Amend the September 23, 1999 Memorandum of Decision and Order. (Document #102). Defendants Daniel Della-Calce, Tom Mayo, Paul Jones and Mike Culbreath filed a Notice of Appeal of the September 23, 1999 Order which had denied qualified immunity and "discretionary function immunity" to defendant Della-Calce. A telephone status conference was conducted on November 2, 1999. (Document #107). Following that conference and consideration of the defendants' motion to alter or amend together with additional matters and material submitted by each party, the court amended its September 23, 1999 order to state that

> (5) The motion for summary judgment filed by City of Huntsville with respect to plaintiffs' assault and battery claims is GRANTED.

(See also, document #109.).

On January 4, 2000 plaintiffs filed a Rule 59 Motion to Alter or Amend Judgment challenging the dismissal of the state law claims made against the City of Huntsville. That motion was denied on January 6, 2000. (Document #114/113). The appeal to the Eleventh Circuit Court of Appeals was interlocutory addressing only the denial of qualified immunity to the defendants Della-Calce. On December 12, 2000 the Eleventh Circuit, specifically noting that the appeal was interlocutory in nature, reversed this court's denial of qualified immunity and remanded the action with instructions that final summary judgment be entered in favor of Lt. Della-Calce as to the excessive force claim. The appellate court also stated:

> Moreover, in light of the complicated issues of purely state law that remain, we direct the magistrate judge to dismiss the supplemental state law claims without prejudice so that they may be pursued in state court.

(Document #118).

In a footnote the Eleventh Circuit observed that

> Plaintiffs also sued the City of Huntsville. The trial court entered summary judgment in the City's favor and no issues directly relate to the City in this appeal.

On February 9, 2001 this court, pursuant to the mandate of the Eleventh Circuit Court of Appeals entered summary judgment on behalf of the defendant Lt. Della-Calce. The court also directed that

> The supplemental state law claims are dismissed without prejudice [so that] plaintiffs may pursue them in state court. 28 U.S.C. § 1367(c) and (d).

(Document #119).

On February 12, 2001 defendant City of Huntsville (COH) filed a Motion to Alter or Amend, in Part, the Court's Order of February 9, 2001 (document #120) arguing that

> ... there is the potential that the plaintiffs in this action could later contend that this court intended all of the plaintiffs' state law claims to be dismissed without prejudice by the Court's order of February 9, 2001, not simply the remaining plaintiffs' state law claims against Lieutenant Della-Calce.

(Document #120, p.3).

Plaintiffs also filed a motion pursuant to the provisions of Rule 59 to alter or amend the September 23 and December 17, 1999 orders. Plaintiffs argue that the state law claim made against the individual defendants and the COH must be dismissed without prejudice pursuant to the order of the Court of Appeals. Plaintiffs also appear to suggest that a remaining § 1983 excessive force claim against the COH may be subject to appeal to the Eleventh Circuit.

The Eleventh Circuit's mandate with regard to "state law claims" is clear. The interlocutory nature of the appeal to the Eleventh Circuit with regard to the issue of qualified immunity and Lt. Della-Calce was resolved. The Eleventh Circuit unequivocally stated that the "complicated issues of purely state law" were to be dismissed without prejudice so that they may be pursued in state court. Accordingly, the defendants' motion which seeks a declaration that the state law claims made against the COH were finally resolved in the orders of September 23 and December 17, 1999 resulting in a dismissal with prejudice is due to be and the same is hereby DENIED. It is difficult to ascertain the basis upon which plaintiffs could reasonably assert that they have an appealable issue with regard to the § 1983 excessive force claim against the COH in light of the unequivocal language of the Eleventh Circuit's opinion concerning the Lt. Della-Calce. However, for the purposes of clarity pursuant to the Eleventh Circuit mandate and the court's earlier orders, there are no remaining claims to be pursued in this court and judgment on all § 1983 claims against the COH are DISMISSED with prejudice.

As to the foregoing it is SO ORDERED this the 2nd day of March, 2001.

PAUL W. GREENE
UNITED STATES MAGISTRATE JUDGE